UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| DAWN COOK, | ) | |
|---|---|---|
| Petitioner, | ) | |
| | ) | Nos. 2:10-CR-26 |
| v. | ) | 2:15-CV-212 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

MEMORANDUM OPINION AND ORDER

Before the Court is a pleading styled "Amended Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody," [Doc. 437][1], filed by petitioner Dawn Cook, ("petitioner" or "Cook"), on August 3, 2015,[2] as well as a second pleading styled "Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody," [Doc. 502], filed by petitioner on August 4, 2016.[3] The United States has responded to petitioner's original motion, [Doc. 478], and the Court has determined that a government response to the August 4, 2016 motion is not necessary. The petitioner has also filed a motion to expedite a ruling on her motion, [Doc. 491]. The motion to expedite is GRANTED; however, the Court has determined that the files and records in the case conclusively establish that Cook is not entitled to relief under § 2255 and her original motion,

---

[1] All references are to docket entries in No. 2:10-CR-76.

[2] What petitioner titles as her "Amended" motion is actually her first § 2255 motion. She seems to be under the misapprehension that she had previously filed such a motion. She had not. In August, 2012, petitioner filed a "Motion To Serve Notice" of her intent to file a future § 2255 motion in light of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (*en banc*), [Doc. 426], but never filed such a motion. In fact, petitioner filed a pro se application in the Sixth Circuit for leave to file a second or successive motion to vacate her sentence under § 2255. [see Doc. 473-1]. As the Sixth Circuit noted in denying her application, petitioner had not yet filed an initial § 2255 motion in the district court and thus did not need Sixth Circuit authorization to file the motion.

[3] Petitioner's August 4, 2016 "Motion" appears to be an attempt to amend her August 3, 2015 motion.

1

[Doc. 473], and her second motion, [Doc. 502], will be DENIED and her § 2255 case DISMISSED.

I.   **Procedural and Factual Background**

Petitioner was one of 15 defendants indicted by a federal grand jury on March 9, 2010. [Doc. 3]. She was charged in the one-count indictment with conspiracy to distribute and possess with intent to distribute oxycodone, a schedule II controlled substance, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(C). On July 22, 2010, Cook pled guilty, pursuant to a negotiated plea agreement, [Doc. 165]. A presentence investigation report ("PSR") was ordered and sentencing was scheduled for December 10, 2010. [Doc. 173]. After several continuances were granted on petitioner's motion, a sentencing hearing was conducted on July 15, 2011. [Doc. 396].

In the PSR, the probation officer calculated an advisory guideline range of 188 to 275 months of imprisonment. Petitioner objected to the failure of the probation officer to apply a four-level decrease in the guideline range pursuant to USSG §3B1.2(a) for what she perceived to be her minimal role in the criminal activity. The Court declined to address the merits of the objection because of petitioner's status as a career offender and because the adjustment, even if applied, would not change the guideline calculation. [*See* generally Doc. 412, at 4-8]. The Court then adopted the PSR. At sentencing, the Court granted the government's motion for downward departure and departed downward to a range of 130 to 163 months, then varied downward from that range and imposed a term of imprisonment of 110 months. [Doc. 412, at 83-87; Doc. 402].

Petitioner filed a timely notice of appeal, [Doc. 403], and this Court's judgment was affirmed by the Sixth Circuit on May 3, 2012, [Doc. 424]. In August, 2012, petitioner filed a "Motion To Serve Notice" of her intent to file a § 2255 , motion in light of the Fourth Circuit's

decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc), [Doc. 426]. She did not file a § 2255 motion, however, until July 29, 2015, when she filed the instant motion, [Doc. 473]. She then filed a second purported § 2255 motion on August 4, 2016, [Doc. 502].

**II.     Standard of Review**

This Court must vacate and set aside petitioner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, . . ." 28 U.S.C. § 2255. Under Rule 4 of the Governing Rules, the Court is to consider initially whether the face of the motion itself, together with the annexed exhibits and prior proceedings in the case, reveal the movant is not entitled to relief. If it plainly appears the movant is not entitled to relief, the court may summarily dismiss the § 2255 motion under Rule 4.

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States,* 285 F.2d 733, 735 (6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *O'Malley*, 285 F.2d at 735 (citations omitted). A motion that merely states general conclusions of law without substantiating allegations with facts is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996).

To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted) (§ 2254 case); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994). *See also United States v. Cappas*, 29

3

F.3d 1187, 1193 (7th Cir. 1994) (applying *Brecht* to a § 2255 motion). If the sentencing court lacked jurisdiction, then the conviction is void and must be set aside. *Williams v. United States*, 582 F. 2d 1039, 1041 (6th Cir.), *cert. denied*, 439 U.S. 988 (1978). To warrant relief for a non-constitutional error, petitioner must show a fundamental defect in the proceeding that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure. *Reed v. Farley*, 512 U.S. 339, 354 (1994); *Grant v. United States*, 72 F. 3d 503, 506 (6th Cir.), *cert. denied*, 517 U.S. 1200 (1996). In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152 (1982).

A petitioner alleging ineffective assistance of counsel must satisfy a two-part test. *Strickland v. Washington*, 466 U.S. 668, 687 (1987). *See also*, *Huff v. United States*, 734 F.3d 600, 606 (6th Cir. 2013). First, the Petitioner must establish, by identifying specific acts or omissions, that counsel's performance w*a*s deficient and that counsel did not provide "reasonably effective assistance," as measured by "prevailing professional norms." *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). Counsel is presumed to have provided effective assistance, and the Petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616-17 (6th Cir. 2003); *see also Strickland*, 466 U.S. at 689 (a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that . . . the challenged action might be considered sound trial strategy") (internal citation omitted).

Second, the Petitioner must demonstrate "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting

4

aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691; *see also Smith v. Robbins*, 528 U.S. 259, 285-86 (2000). The Court is not required to analyze both prongs of the *Strickland* test as to every claim. *Strickland*, 466 U.S. at 697. Indeed, the Supreme Court recommended that, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Id.*; accord U*nited States v. Hynes*, 467 F.3d 951, 970 (6th Cir. 2006).

### III. Analysis

In her original § 2255 motion, [Doc. 473], petitioner raises three grounds for relief which she states as follows:

> 1) GROUND ONE: Supporting facts: The judge in my case informed me that I had the least amount of involvement and I should have been charged in general sessions.
>
> 2) GROUND TWO: Supporting facts: I was given the plea agreement the day before so I had no time to consider it.
>
> 3) GROUND THREE: Supporting facts: My prior convictions that had nothing to do with my indictment were not brought before a jury to decide their relevance.

[Doc. 473, at 4, 5, 7]. In her second motion, [Doc. 502], petitioner appears to attempt to amend her pending motion with an additional ground for relief, i.e., that her guideline range should be reduced based on Amendment 794 to the United States Sentencing Guidelines, effective November 1, 2015, for her minor role in the offense.

#### A. Timeliness

The United States first argues that petitioner's motion, filed July 29, 2015, is untimely. The Court agrees.

Section 2255(f) places a one-year statute of limitations on all petitions for collateral relief under § 2255 running from either: (1) the date on which the judgment of

5

conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered though the exercise of due diligence. 28 U.S.C. § 2255(f).

For purposes of subsection (f)(1), "a conviction becomes final at the conclusion of direct review." *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001). Where a claimant appeals to the Court of Appeals, but does not seek review by the Supreme Court, as was the case here, the judgment of conviction becomes final for § 2255 purposes upon the expiration of the 90-day period in which the defendant could have petitioned for certiorari to the Supreme Court, even when no certiorari petition is filed. *Sanchez-Castekkano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004) (citing *Clay v. United States*, 537 U.S. 522, 532 (2003)). Cook's convictions became final under subsection (f)(1) then upon the expiration of the 90-day period, or July 30, 2012. Petitioner had until July 30, 2013, to file her § 2255 motion. She did not file it until July 29, 2015, almost two years late.[4] The petition is therefore untimely under § 2255(f)(1).

To the extent petitioner relies on § 2255(f)(2) or (f)(4), she has made no allegation that any illegal action raised by the government prevented her from making the timely petition or the existence of facts affecting her case that could not have previously been discovered through due diligence.[5] That leaves only subsection (f)(3). To the extent petitioner relies on subsection

---

[4] Even if the Court were to consider the date on which petitioner handed her motion for permission to file a second or successive petition in the Sixth Circuit to prison officials for mailing, June 12, 2014, as the date of filing of her § 2255 motion, the motion is still untimely by almost a year.

[5] Petitioner does allege in her filings that she did not discover the transcript of the sentencing hearing until just

6

(f)(3), this Court notes that triggering the renewed window contained in that provision requires that the requested relief be based on: (1) A right newly recognized by the Supreme Court and (2) made retroactively applicable by that same Court. 28 U.S.C. § 2255(f)(3). Petitioner has attached a document to her § 2255 filing entitled "Pro Se Motion Pursuant to 28 U.S.C. § 2255 In Light of Alleyne V. United States and Jurisdictional Default." [Doc. 473-2]. If *Alleyne v. United States*, 131 S. Ct. 2151 (2013) is the basis for an argument for timeliness of the motion, that argument clearly fails. *Alleyne* was decided by the Supreme Court on June 17, 2013, Even if the case involved a right newly recognized and made retroactive by the Supreme Court, and it does not,[6] the renewed window for the filing of a § 2255 motion began on June 17, 2013, and expired on June 17, 2014. Petitioner's motion, as set forth above, was not filed in this Court until June 29, 2015, well beyond the statute of limitations.

The motion is time barred under 28 U.S.C. § 2255(f).

### 1. Equitable Tolling

Section 2255(f)'s statute of limitations is not jurisdictional and may be tolled under limited, extraordinary circumstances. *Dunlap v. United States*, 250 F.2d 101, 107 (6th Cir. 2001). Used sparingly, a petitioner bears the burden of establishing that equitable tolling applies to her case, *see Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004), and must show "(1) that [s]he has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way and prevented timely filing," *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010); *Hall v. Warden*, 662 F.3d 745, 750 (6th

---

before the filing of her petition. If that is the case, petitioner certainly did not exercise due diligence since that transcript has been available on the electronic docket sheet since August 4, 2011.

[6] *Alleyne* does not apply retroactively to cases on collateral review. *In re Mazzio*, 756 F.3d 487, 491 (6th Cir. 2014) ("Because *Alleyne* did not announce 'a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable' 28 U.S.C. § 2255(h)(2), it cannot be the basis for authorizing a district court to hear a second or successive § 2255 motion.").

Cir. 2011); *see also Jurado*, 337 F.3d at 643 ("absent compelling equitable considerations, a court should not extend limitations by even a single day.").

After review of the petition, the Court concludes that petitioner has failed to put forth a single extraordinary circumstance justifying the failure to submit her collateral challenge within the window permitted by § 2255. Compare *Stovall v. United States*, 2013 WL 392467, at *3 (E.D. Tenn. January 31, 2013) (rejecting request for equitable tolling of subsection (f)(1) in absence of evidence illustrating a diligent pursuit of the rights asserted) *With Jones v. United States*, 689 F.3d 621, 627 (6th Cir. 2012) (granting request for equitable tolling where the petitioner pled facts indicating he had been separated from his legal materials for an extended period of time due to multiple detention transfers and an illness).

B.  **Waiver and Procedural Default**

The United States further argues that petitioner's waiver in her plea agreement of her right to file a § 2255 motion except under limited circumstances bars her motion and also that she has procedurally defaulted the claims. The Court agrees on both counts. Petitioner's plea agreement, [Doc. 165], contains the following language:

> (b) in addition, the defendant knowingly and voluntarily waives the right to file any motions or pleadings pursuant to 28 U.S.C. § 2255 or to collaterally attack the defendant's conviction and/or resulting sentence. The parties agree that the defendant retains the right to raise, by way of collateral review under § 2255, claims of ineffective assistance of counsel or prosecutorial misconduct not known to the defendant by the time of the entry of judgment.

[*Id.* at ¶ 15].

A waiver provision in a plea agreement is binding as long as it is made knowingly and voluntarily. *United States v. DeLong*, 510 F. App'x 456 (6th Cir. 2013) (citing *United States v. Toth*, 668 F.3d 374, 378 (6th Cir. 2012)). During the plea hearing, the Court reviewed the appeal-

waiver provision contained in the plea agreement with the petitioner. The Court inquired whether she had reviewed those provisions of the plea agreement, had carefully reviewed them and had fully discussed them with her attorney. Petitioner responded affirmatively. She also testified that she had read the entire plea agreement, discussed it fully with her attorney, and had signed the plea agreement. Nothing in the record suggests that petitioner's assent to the appeal-waiver provision was unknowing or involuntary. Under these circumstances, Cook waived her right to appeal her conviction and sentence upon execution of the plea agreement. *See Toth*, 668 F.3d at 378.

Petitioner's claims concerning the propriety of her federal sentence, i.e., her argument that she should have been prosecuted in state court for simple possession, [*see* Doc. 473-2, at 1, 8-10]), that she had inadequate time to review the plea agreement, and that the necessary predicate convictions for her career offender status should have been found by a jury, [*see id.*, at 3,5], do not fall within any exception to the waiver and are barred by its provisions.

Claims which could have been raised on direct appeal, but were not, are procedurally defaulted. To obtain review under § 2255, petitioner must establish that (1) she had good cause for not raising the claim earlier **and** would suffer "actual prejudice" if it were not reviewed, or (2) that she is actually innocent. *Bousley v. United States*, 523 U.S. 614, 622 (1998); *United States v. Frady*, 456 U.S. 152, 167-68 (1982); *Peveler v. United States*, 269 F.3d 693 (6th Cir. 2001). Petitioner acknowledges her procedural default and the standard of review which applies to her defaulted claims but makes no real effort to establish good cause for not raising the claims earlier or actual prejudice, and she makes no claim of actual innocence. Her claims are, therefore, procedurally defaulted.

    **C.**    **The Merits of Petitioner's Claims**

Although petitioner's motion is clearly time-barred and her claims waived and procedurally defaulted, the Court will briefly consider them on the merits.

### 1. Propriety of Federal Prosecution

Cook first contends that her offense "does not qualify under Federal jurisdiction," [Doc. 473-2, at 1], and should have been filed in a state general sessions court and charged as simple possession. She supports her claim by reference to a statement made by the Court at sentencing, but taken out of context by her: "It is conduct (referring to petitioner's conduct in the instant case) which **without your criminal history**, would likely have been charged in a general sessions court or maybe no[t] charged at all." [Doc. 473-3, at 5]. As the government had acknowledged, petitioner's conduct in the case was "slight" but her criminal history required a significant sentence. Petitioner's counsel acknowledged that her criminal history made her a career offender under the Guidelines. The Court's comment was merely an acknowledgement of that fact. This claim does not rise to constitutional proportions.

Furthermore, petitioner overlooks that the American system is one of dual sovereignty. "In our American system of dual sovereignty, each sovereign—whether the Federal Government or a State—is responsible for the administration of its own criminal justice system." *Setser v. United States*, 132 S. Ct. 1463, 1471 (2012) (quoting *Oregon v. Ice*, 555 U.S. 160, 170 (2009)). This Court, like all district courts, has original jurisdiction in cases of offenses against the United States. 18 U.S.C. § 3231. Nothing in the Constitution or laws of the United States requires that a defendant who has violated the laws of two sovereigns, a state and the federal government, be prosecuted in the courts of one but not the other; indeed, that person can be prosecuted by both. *See Heath v. Alabama*, 474 U.S. 82, 88 (1985). Additionally, a federal prosecutor is guilty of no misconduct when she makes a decision "whether to prosecute and what charge[s] to . . . bring

10

before a grand jury . . .," *United States v. Batchelder*, 442 U.S. 114, 124 (1979), or when she targets repeat offenders for federal prosecution.[7]

This claim lacks merit.

## 2. Knowing, Intelligent and Voluntary Guilty Plea

Petitioner claims that she was given her plea agreement the day before her guilty plea so that she "had no time to consider it," [Doc. 473, at 5], suggesting that her guilty plea was not knowledgably and voluntarily made. This claim, however, is flatly contradicted by the record in the case.

Petitioner signed the plea agreement on June 30, 2010, [Doc. 165, at 9], but she did not enter her guilty plea until July 22, 2010. At the change of plea hearing, petitioner testified that she had a GED and was able to read and write without difficulty, that she had read the indictment, that she had told her lawyer everything she knew about the case, that her lawyer had advised her as to the elements of the offense,[8] that she and her attorney had discussed any possible defenses she might have to the charge, that she had read the plea agreement and her attorney had explained to her all its terms and conditions, that she "<u>fully under[stood] all the terms and conditions of the plea agreement</u>," that she understood her right to plead not guilty and her right to a jury trial, that no one had pressured her to plead guilty, that she had read the stipulation of facts in her plea agreement carefully and had reviewed it with her attorney, that the facts in the stipulation were true, that she understood the maximum sentence, that she had read, reviewed with her attorney, and understood the waiver of appellate rights in the plea agreement, that she understood the factors the Court would consider in determining her sentence, and that

---

[7] Petitioner may also be challenging the sufficiency of the evidence to support her conviction. She waived her right to challenge the sufficiency of the evidence, however, when she pled guilty. *United States v. Martin*, 526 F.3d 926, 932 (6th Cir. 2008). In any event, the claim has been procedurally defaulted.

[8] The Court also read Count 1 of the indictment to petitioner in open court and advised her of the elements of the offense. [See Doc. 422, at 5-6].

she was pleading guilty because she was "in fact guilty." [Doc. 422, at 3, 4, 6, 7, 8, 9, 10, 12, 14, 15 and 11]. These "solemn declarations" made under oath and "in open court carry a strong presumption of verity," *Blackledge v. Allison*, 431 U.S. 63, 74 (1977), and petitioner is now bound by her statements. In short, the record clearly establishes that petitioner's guilty plea was knowing, intelligent and voluntary.

### 3. *Alleyne v. United States*

Petitioner claims that her prior convictions "were not brought before a jury to decide their relevance," citing *Alleyne*. [Doc. 473, at 7]. She apparently claims that, before her prior convictions can be considered for criminal history purposes or for a career offender determination, they must be found by a jury. Her claim, however, misses the point of *Alleyne*. In *Alleyne*, the Supreme Court held that "[f]acts that increase [a] mandatory minimum sentence . . . are elements [of the offense] and must be submitted to the jury and found beyond a reasonable doubt." 133 S. Ct. at 2158. *Alleyne*, however, did not disturb the rule that a prior conviction is excluded from the jury-right jurisprudence in the *Apprendi* line of cases, but instead left in tact the rule in *Almendarez-Torrez v. United States*, 523 U.S. 224 (1998), i.e., that judicial finding of a prior conviction by a preponderance of the evidence is entirely constitutional. *Id*. at 2160 n. 1; *see also Booker v. United States*, 543 U.S. 220, 244 (2004) ("[W]e reaffirm our holding in *Apprendi*: any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury must be admitted by the defendant or proved to a jury beyond a reasonable doubt."). *Alleyne* simply has no application to Cook's case, so far as the career offender guideline is concerned.

The Court does note that, because of the notice filed by the government pursuant to 21 U.S.C. § 851(a)(1), [Doc. 124], petitioner's statutory maximum was increased from 20 to 30

years; however, petitioner explicitly admitted the convictions relied upon by the government in its notice at sentencing. [Doc. 412, at 85-86]. In any event, petitioner would have suffered no prejudice since her ultimate sentence was 110 months, well below the statutory maximum.

### D. Petitioner's Second Motion

As noted above, petitioner filed a second motion under § 2255 on August 4, 2016, [Doc. 502], in which she claims entitlement to a reduction in sentence pursuant to Amendment 794 to the United States Sentencing Guidelines which modified its commentary to the mitigating role adjustment of USSG § 3B1.2. *See* USSG, App. C, Amend. 794 (effective November 1, 2015). That amendment clarified the circumstances in which § 3B1.2, which provides an adjustment of 2, 3, or 4 levels for a defendant who plays a part in committing the offense that makes him "substantially less culpable than the average participant," may be applied. Under the amendment, the defendant is to be compared with other participants "in the criminal activity," rather than to the universe of persons participating in similar crimes.

The proper vehicle for an inmate to obtain a sentence reduction because of a change in the sentencing guidelines is 18 U.S.C. § 3582(c)(2), not 28 U.S.C. § 2255. *United States v. Logan*, 2016 WL 5338060, at *5 (N.D. Ohio Sept. 22, 2016); *United States v. Gillespie*, 2016 WL 5402781, at *1 (E.D. Ky. August 26, 2016) (Report and Recommendation), *adopted*, 2016 WL 5419432 (E.D. Ky. Sept. 26, 2016). Even if the Court were, however, in the interest of judicial economy, to construe Cook's second § 2255 motion as a motion under 18 U.S.C. § 3582(c)(2), Cook would not be entitled to relief.

Section 3582(c)(2) authorizes a reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . ., if such a reduction is consistent with

13

applicable policy statements issued by the Sentencing Commission." "Section 1B1.10 of the Sentencing Guidelines contains the policy statement for § 3582(c)(2). Subsection 1B1.10(a) provides that the Court may reduce the defendant's term of imprisonment if the applicable guideline range has subsequently been lowered by one of the amendments named in subsection (d)." *United States v. Bonds*, 2016 WL 5956726, at *3 (6th Cir. Oct. 14, 2016); *see also United States v. Watkins*, 2016 WL 3924240, at *1 (6th Cir. July 21, 2016) ("If no amendment listed in §1B1.10(d) lowers the defendant's 'applicable guideline range,' then a sentence reduction is inconsistent with § 1B1.10 and, therefore, not authorized by § 3582(c)(2).") (citing USSG § 1B1.1(a)(2)(B)). Because Amendment 794 is not listed in USSG §1B1.10(d), petitioner is not entitled to relief under § 3582(c)(2). *Logan*, 2016 WL 5338060, at *5; Gillespie, 2016 WL 5402781, at *2.

Even if petitioner's motion was properly brought under § 2255, she does not state a claim of constitutional magnitude, a sentence imposed outside the statutory limits, or an error of fact or law that was so fundamental as to render the entire proceeding invalid. *See Short v. United States,* 471 F.3d 686, 691 (6th Cir. 2006). Ordinarily, errors in the application of the Sentencing Guidelines are not cognizable under § 2255. *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996); *see also United States v. Lankford*, 2000 WL 1175592, at *1 (6th Cir. Aug. 9, 2000) ("Technical violations of the federal sentencing guidelines will not warrant [§ 2255] relief."); *United States v. Norfleet*, 1999 WL 1281718, at *5 (6th Cir. Dec. 28, 1999) ("Normally, Norfleet could not obtain collateral review of sentencing guidelines errors.).

## IV.    Conclusion

For the reasons set forth above, the Court holds that petitioner's conviction and sentencing were not in violation of the Constitution or laws of the United States and her motion

to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255 is DENIED.

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals disapproves of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F. 3d 466 (6th Cir. 2001). The District Court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id*. at 467. Each issue must be considered under the standard set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Id.*

Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." After reviewing each of Petitioner's claims, the Court finds that reasonable jurists could not conclude that petitioner's claims are adequate to deserve further review. Because petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.

SO ORDERED:

                                                  s/J. RONNIE GREER
                                                  UNITED STATES DISTRICT JUDGE